United States District Court
Southern District of Texas
**ENTERED**
November 09, 2023
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION**

| | | |
|---|---|---|
| BYRON LARUE SIMMONS BAREFIELD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:23-CV-00040 |
| | § | |
| AUDREY BOWMAN, *et al.*, | § | |
| | § | |
| Defendants. | § | |

<u>**MEMORANDUM AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**</u>

Plaintiff Byron Larue Simmons Barefield, proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983.  (Doc. No. 1.)  Three of the four defendants have moved to dismiss.  (Doc. Nos. 10, 17, 20.)  For the reasons discussed below, the undersigned recommends that the district court GRANT the motions and DISMISS Plaintiff's lawsuit with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).  The district court should also DENY as moot Plaintiff's motion for discovery (Doc. No. 21).

*A. Jurisdiction.*

This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.  Plaintiff claims to bring this suit pursuant to 42 U.S.C. § 1983.  Subject matter jurisdiction will be discussed in greater detail below, but the Court generally has federal question jurisdiction over such cases pursuant to 28 U.S.C. § 1331.

### B. *Proceedings.*

#### 1. *Plaintiff's underlying complaint against the defendants, and his filings.*

Although difficult to follow, Plaintiff's complaint appears to allege that several people have violated his civil rights with regard to the listing of ownership of a piece of real property in the tax records in Calhoun County, Texas.  Defendant Audrey Bowman ("Bowman") is the "Ownership/Deeds Clerk" for the Calhoun County Appraisal District.  *See* Doc. No. 17, p. 1. Defendant Jaramillo Avila ("Avila") is a Port Lavaca, Texas police officer who allegedly arrested Plaintiff in or around April 2020.  *See* Doc. No. 1, pp. 3, 4; Doc. No. 10, p. 1.  Plaintiff sues Bowman and Avila in their official capacities.  Defendants Donald and Danielle Bacon are private citizens, and Plaintiff sues them in their individual capacities.  *See* Doc. No. 1, pp. 2, 3.

Broadly stated, Plaintiff is suing the defendants because he believes that the Calhoun County Appraisal District's tax record reflects that a piece of real property in Port Lavaca incorrectly lists Donald and Danielle Bacon as owners.  Plaintiff contends that the record should reflect that his late father's estate should be reflected as the only owner of the property and that the Bacons should be removed as owners from the appraisal district's record.  *See* Doc. No. 1, p. 5.  Plaintiff alleges that Bowman "fraudulently" changed the appraisal district's record to reflect the Bacons as owners of the property.  *Id*. at 4.  He states that he informed Bowman that the appraisal district's record should be changed, but that Bowman has failed or refused to change the records as Plaintiff demands.  *See id*.

As near as the Court can ascertain from the documents submitted by Plaintiff, the property in question (referred to in this opinion as "the Property") is property ID number 19514, located at Lot 2, Block 17, Port Lavaca Townsite.  *See* Doc. No. 9, p. 1.  According to the Calhoun County Appraisal District's web site, of which the undersigned takes judicial notice, the

Property is a residential lot, at 819 South Colorado Street, valued at $7,700.[1]  The appraisal

district's records reflect that the Property was transferred by warranty deed by Ora Mae Barefield

Williams to Jim Simmons, Jr. on November 18, 2005.[2]  The appraisal district's records also

reflect that the Property was transferred by warranty deed from the estate of Jim Simmons, Jr. to

Donald Bacon on February 11, 2019.[3]  A quitclaim deed, with no sale, added Danielle Bacon as

an owner on January 31, 2020.[4]  On February 26, 2020, Bowman sent a letter to Donald Bacon,

stating that "by error or mistake, the above described property you purchased from Loraine

Simmons in 2019 did not have all the necessary documentation from the Estate of Jim Simmons,

Jr., prior to Ms. Simmons conveying the property to you."  *Id*.  Bowman's letter stated that the

ownership of the Property had been corrected to read: "Donald Bacon and Unknown Heirs of

Jim Simmons, Jr."  *Id*.  Other than the February 26, 2020, letter, Plaintiff does not mention any

other specific action taken by Bowman with regard to the Property.

Plaintiff contends that Avila, meanwhile, arrested Plaintiff in April 2020 based on

allegedly false statements made by Donald Bacon.  *See* Doc. No. 9, p. 4; *also* Doc. No. 18.

Plaintiff requests injunctive relief in the form of a change to the Calhoun County

Appraisal District's records to remove Donald and Danielle Bacon as owners and to list the

---

[1]  *See Property ID: 19514 For Year 2023*, CALHOUN CAD, https://esearch.calhouncad.org/Property/View/19514
(last visited Nov. 7, 2023).

[2]  *See id*.; *see also* Doc. No. 13 (warranty deed, submitted by Plaintiff).

[3]  *See Property ID: 19514 For Year 2023*, *supra* n.1.

[4]  *See id*.

estate of Jim Isaac Simmons, Jr. as the owner.  *See* Doc. No. 1, p. 5.[5]  Liberally construed, he

appears also to seek monetary relief for his arrest and prosecution.  *See id.*

      In addition to his complaint, Plaintiff has on five subsequent occasions submitted

supplemental documents which he apparently believes support his claims.  (Doc. Nos. 9, 13, 15,

18, 23.)  Although Plaintiff submitted these documents after filing his complaint, as opposed to

attaching them to the complaint, a *pro se* plaintiff's pleadings are to be held to a less stringent

standard than pleadings submitted by attorneys, and the undersigned therefore treats Plaintiff's

documents as if they were attached to Plaintiff's complaint for purposes of considering whether

dismissal of this case is appropriate.  *Cf. Nguyen v. Fed. Nat'l Mortg. Ass'n*, Civ. No. H-15-

1958, 2015 WL 8207525, at *2 (S.D. Tex. Dec. 8, 2015) (Harmon, J.) (citing *Clark v. Huntleigh

Corp.*, 119 F. App'x 666, 667 (5th Cir. Jan. 12, 2005)).

      *2.  Plaintiff's attempts to effect service of process.*

      After filing his complaint and paying the filing fee on August 30, 2023, Plaintiff obtained

summonses from the Clerk.  *See* Doc. No. 5.  Plaintiff then sent copies of the summonses to each

of the defendants by certified mail; Plaintiff filed with the Court unsigned proofs of service

reflecting his certified mailings to each of the defendants.  *See* Doc. No. 14, pp. 1-2 (Avila); Doc.

No. 14-1 (Donald Bacon); Doc. No. 14-2 (Bowman); Doc. No. 14-3 (Danielle Bacon).

      *3.  Defendants Bowman, Avila, and Donald Bacon seek dismissal.*

      On October 3, 2023, Avila moved through counsel to dismiss Plaintiff's claim against

him, alleging that Plaintiff's claim is barred by the statute of limitations and the *Heck* doctrine[6]

---

[5] According to Plaintiff, this apparently would align the appraisal district's ownership record with that of the Calhoun County Clerk.  *See* Doc. No. 9, p. 5.

[6] *See Heck v. Humphrey*, 512 U.S. 477 (1994).

and because Plaintiff's official-capacity claim fails to state a *Monell* claim[7] against the City of Port Lavaca.  (Doc. No. 10.)  Plaintiff has not responded to Avila's dismissal motion.

On October 12, 2023, Bowman moved through counsel to dismiss Plaintiff's claim against her for lack of subject matter jurisdiction, alleging that the Plaintiff's claim is barred by 28 U.S.C. § 1341 because it purportedly involves the assessment, levy, or collection of property tax under state law and because a plain, speedy, and efficient remedy is available in state court. (Doc. No. 17, pp. 4-6.)  She also alleges that Plaintiff's service of process was insufficient because Plaintiff was not permitted to serve her himself.  *Id*. at 7.  Finally, Bowman argues that Plaintiff's lawsuit fails to state a plausible cause of action against her, and that Plaintiff failed to exhaust administrative remedies that he was allegedly required to pursue.  *Id*. at 8-11.  Plaintiff has not responded to Bowman's dismissal motion.

On October 18, 2023, Donald Bacon moved *pro se* to dismiss Plaintiff's claim against him.  Donald Bacon asserts that Plaintiff had previously attempted to bring this case to a Justice of the Peace and that Plaintiff had been advised that the case should be filed instead in county court.  (Doc. No. 20.)  Plaintiff has not responded to Donald Bacon's dismissal motion.

### C. *Standard of review and applicable law.*

#### 1. *Rules 12(b)(1) and 12(h)(3).*

"Over the years this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit,' 'wholly insubstantial,' 'obviously frivolous,' 'plainly unsubstantial,' or 'no longer open to discussion [].'"  *Hagans v. Lavine*, 415 U.S. 528, 536-37

---

[7] *See Monell v. Dept. of Soc. Servs. of City of N.Y.,* 436 U.S. 658 (1978).

(1974) (citations omitted).  At the same time, courts must avoid conflating the question of subject matter jurisdiction with the question of whether a plaintiff has stated a claim upon which relief may be granted.  *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 511 (2006); *Smith v. Reg'l Transit Auth.*, 756 F.3d 340, 344 (5th Cir. 2014); *see also* Fed. R. Civ. P. 12(b)(6).  This is because "the absence of a valid (as opposed to arguable) cause of action does not implicate subject matter jurisdiction."  *Allen v. LPP*, No. 13-6332, 2014 WL 4104414, at *3 (E.D. La. Aug. 19, 2014) (quoting *Steel Co. v. Citizens for a Better Envir.*, 523 U.S. 83, 89 (1998)).

Plaintiff bears the burden of plausibly alleging a federal controversy.  If he does not, then the Court lacks subject matter jurisdiction to decide his claims.  *See Ghedi v. Mayorkas*, 16 F.4th 456, 463 (5th Cir. 2021).  Dismissal of a complaint for lack of subject matter jurisdiction is proper when the claim is "'so … completely devoid of merit as not to involve a federal controversy.'"  *Id.* (quoting *Brownback v. King*, 592 U.S. __, 141 S. Ct. 740, 749 (2021) (internal quotation and citation omitted)).  That circumstance occurs when the plaintiff does not "plausibly allege all jurisdictional elements."  *See Brownback*, 141 S. Ct. at 749; *Ghedi*, 16 F.4th at 463.

Federal Rule of Civil Procedure 12(b)(1) provides that a party may assert by motion that relief cannot be granted for a plaintiff's claim based on lack of subject matter jurisdiction.  Additionally, the Court must dismiss an action, even *sua sponte*, if it determines at any time that it lacks subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3); *Carver v. Atwood*, 18 F.4th 494, 497 (5th Cir. 2021).

In evaluating a motion to dismiss under Rule 12(b)(1), the court accepts as true those well-pleaded factual allegations in the complaint and views them in the light most favorable to the plaintiff.  *Stratta v. Roe*, 961 F.3d 340, 349 (5th Cir. 2020).  The court may consider the complaint alone, the complaint supplemented by undisputed facts evidenced in the record, or the

complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Id.* (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)). "When considering a Rule 12(b)(1) motion, a district court may go beyond the pleadings to affidavits and other evidence to determine its jurisdiction." *Adams v. Pearl River Valley Water Supply Dist.*, No 21-60749, 2022 WL 2829756, at *2 (5th Cir. July 20, 2022) (unpublished) (citing *Williamson v. Tucker*, 645 F.2d 404, 413-14 (5th Cir. 1981)).

When subject matter jurisdiction over an action is lacking, a court is to dismiss that action without prejudice. *See Carver*, 18 F.4th at 488. When confronted with motions under both Rule 12(b)(1) and Rule 12(b)(6), a reviewing court is to address the jurisdictional question first, before addressing any attack on the merits. *Ramming*, 281 F.3d at 161 ("When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits.").

### 2. Rule 12(b)(5).

In the absence of proper service of process, a court cannot exercise personal jurisdiction over a party named as a defendant. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). Federal Rule of Civil Procedure 12(b)(5) provides for dismissal of a civil case based on "insufficient service of process." Once the validity of service of process has been contested, the plaintiff bears the burden of establishing its validity. *Brown v. Quian*, Civ. No. 4:20-0862, 2023 WL 1765913, at *2 (S.D. Tex. Feb. 3, 2023) (Hanks, J.) (citing *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1996)). A plaintiff "cannot receive a free pass on the requirements for service of process simply because he is litigating this case *pro se*." *Calhoun v. City of Houston Police Dep't*, 855 F. App'x 917, 921 (5th Cir. 2021).

### 3. *Rule 12(b)(6).*

Federal Rule of Civil Procedure 12(b)(6) provides that a party may assert by motion a defense that a plaintiff's complaint "fail[s] to state a claim upon which relief may be granted." In evaluating a motion for dismissal under this rule, courts assess whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The requirement for facial plausibility is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  The pleading standard does not require detailed factual allegations, "but does demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Hurd v. Barnette*, No. 6:15cv734, 2017 WL 9289643, at *11 (E.D. Tex. Jan. 24, 2017), *adopted*, 2017 WL 892118 (E.D. Tex. Mar. 6, 2017) (citing *Iqbal*, 556 U.S. at 677-78).

A Rule 12(b)(6) motion "tests the sufficiency of the pleadings, not the merits of the case." *George v. SI Group, Inc.*, 36 F.4th 611, 619 (5th Cir. 2022) (citing *Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 582 (5th Cir. 2020)).  For this reason, well-pleaded factual allegations of a complaint must be taken as true and viewed in the light most favorable to the plaintiff.  *Id.*

Courts may, in evaluating motions filed under Rule 12(b)(6), consider evidence that is attached to the motion itself, referred to in the complaint, and central to the plaintiff's claim, or that is subject to judicial notice under Federal Rule of Evidence 201.  *George*, 36 F.4th at 619 (citing *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019)).  If the court considers evidence beyond the pleadings or these additional matters, the court commits error.  *Id.* (citing *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir.

2014)).  But even though *pro se* pleadings are viewed under a less stringent standard than those penned by an attorney, a court "need not credit conclusory allegations, legal conclusions couched as factual allegations, or unwarranted deductions of fact."  *Trevino v. City of Pleasanton*, No. 5:18-CV-00688-DAE-RBF, 2019 WL 1793360, at *4 (W.D. Tex. Apr. 23, 2019) (internal quotation marks omitted) (citing *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016)); *see also Iqbal*, 556 U.S. at 678.

### 4.  Section 1983 claims.

Section 1983 of Title 42, United States Code, provides a remedy for deprivations of rights secured by the Constitution and laws of the United States when that deprivation takes place "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory."  State action is required.  To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate that he or she was deprived of a right or interest secured by the Constitution and laws of the United States, and that the deprivation occurred under color of state law.  *Doe v. Rains Cnty. Indep. School Dist.*, 66 F.3d 1402, 1406 (5th Cir. 1995).  "'Although a private person may cause a deprivation of such a right, he may be subjected to liability under § 1983 only when he does so under color of law.'"  *Bauer v. Gattuso*, Civ. No. 22-549, 2023 WL 1808365, at *3 (E.D. La. Jan. 9, 2023), *adopted*, 2023 WL 1795959 (E.D. La. Feb. 7, 2023) (quoting *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978)).

### D.  Analysis.

#### 1.  Plaintiff's claims against Bowman, Avila, and Donald Bacon should be dismissed because he failed to respond to those defendants' dismissal motions.

Defendants Bowman, Avila, and Donald Bacon have all filed motions to dismiss Plaintiff's lawsuit.  (Doc. Nos. 10, 17, 20.)  Plaintiff has not responded to any of these motions.

Southern District of Texas Local Rule 7.4 states: "Failure to respond to a motion will be taken as a representation of no opposition."  Although proceeding *pro se*, Plaintiff is subject to this Court's local rules just like any represented party; indeed, the district court previously advised Plaintiff and Defendants to refer to Local Rule 7 regarding motion practice and submission dates. (Doc. No. 3, pp. 1-2.)  Because Plaintiff has failed to respond to the dismissal motions, the district court should dismiss Plaintiff's claims against Bowman, Avila, and Donald Bacon. *Cf. Morris v. City of Midland, Tex.*, No. MO:20-CV-00120-DC, 2021 WL 2953686, at *2 (W.D. Tex. May 20, 2021) (granting defendants' motions to dismiss when *pro se* plaintiff failed to file a response to those motions).

Alternatively, the district court should dismiss Plaintiff's lawsuit for the additional reasons discussed below.

### 2.  Plaintiff's claim against Danielle Bacon should be dismissed under Rule 12(b)(6).

Plaintiff has included Danielle Bacon among the defendants in this case.  Plaintiff does not allege any act on her part.  He merely asserts that Daneille Bacon is reflected in Calhoun County tax records as an owner of the Property.  Plaintiff does not assert that Danielle Bacon did anything, let alone that she did anything that violated Plaintiff's civil rights.  Accordingly, the undersigned recommends that the district court dismiss Plaintiff's § 1983 claim against Daneille Bacon pursuant to Rule 12(b)(6).

Danielle Bacon has not yet appeared in this matter, and the undersigned recognizes that she has therefore not moved for dismissal.  The Court possesses the inherent authority to dismiss a party, or claims, *sua sponte*. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).  A district court "may dismiss a

claim on its own motion as long as the procedure employed is fair." *Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) (citing *Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 310 (5th Cir. 2014)).  Fairness in this context requires both notice of the court's intention and an opportunity to respond before a *sua sponte* dismissal with prejudice.  *Id.*  Because the undersigned is raising this issue in this memorandum and recommendation, Plaintiff will have an opportunity to respond during the 14-day objection period prior to a final ruling by the district court.  This procedure is fair and will avoid any due process concerns.  *See Galbraith-Robair v. United States Equal Opportunity Employment Comm'n*, No. 4:19-CV-4797, 2021 WL 415194, at *1 (S.D. Tex. Jan. 18, 2021) (Bryan, M.J.), *adopted*, 2021 WL 413525 (S.D. Tex. Feb. 5, 2021).

### 3.  *Plaintiff's false arrest claim against Avila should be dismissed under Rule 12(b)(6).*

Plaintiff's sole claim against Defendant Avila alleges that Avila arrested Plaintiff based on false statements purportedly made by Donald Bacon.  *See* Doc. No. 1, p. 5.  This, Plaintiff alleges, was a "police abuse of power."  *Id.* at 4.

Plaintiff's submitted documents indicate that he was arrested on April 30, 2020.  *See* Doc. No. 18, p. 1 (indictment).  Plaintiff filed this lawsuit more than three years later, on August 28, 2023.  (Doc. No. 1.)

"Limitations for a § 1983 claim are determined by the forum state's general or residual personal-injury limitations period."  *Johnson v. Harris Cnty.*, 83 F.4th 941, 945 (5th Cir. 2023) (citation and internal quotation omitted).  Texas' limitations period for personal injury claims is two years.  Tex. Civ. Prac. & Rem. Code § 16.003.  The time begins to run when a claim accrues – "that is, 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'"  *Johnson*, 83 F.4th at 945 (quoting

*Edmonds v. Oktibbeha Cnty.*, 675 F.3d 911, 916 (5th Cir. 2012)).  The statute of limitations for a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process. *Wallace v. Kato*, 549 U.S. 384, 397 (2007).  "Thus, a false arrest claim accrues when charges are filed." *Johnson*, 83 F.4th at 945.  In this case, Plaintiff was arrested by Avila on April 30, 2020.  He was required to file any false arrest suit within two years but waited more than three years to file this action.

Avila asserts that Plaintiff's claim is untimely.  (Doc. No. 10, pp. 4-5.)  Plaintiff has failed to respond to Avila's dismissal motion with any explanation why the limitations period should be tolled.  The undersigned concludes that Plaintiff's claim against Avila is therefore barred by limitations.  The district court should dismiss the claim with prejudice under Rule 12(b)(6).

Should the district court determine that Plaintiff's claim against Avila is not limitations-barred, the undersigned alternatively recommends dismissal of Plaintiff's claim because, as Avila argues, Plaintiff fails to plausibly allege municipal liability of the city of Port Lavaca.  *See* Doc. No. 10, pp. 7-9.  Plaintiff sues Avila in the latter's official capacity, and such a suit is deemed to be lodged against Avila's employer, the city of Port Lavaca.  *See Jordan v. Brumfield*, 687 F. App'x 408, 415 (5th Cir. 2017) (claim against police officer in his official capacity is treated as a claim against the municipality).  A municipality cannot be held vicariously liable for the acts of its employees, but it can be held liable for constitutional violations resulting from its own official policies and customs.  *See Monell*, 436 U.S. at 690-91.  To state a *Monell* claim, a plaintiff must allege an official policy, promulgated by the municipal policymaker, that was the moving force behind the violation of a constitutional right.  *See Pena v. City of Rio Grande City*,

12 / 27

879 F.3d 613, 621 (5th Cir. 2018).  Official policies may exist in the form of written policy

statements or regulations but may also arise in the form of a widespread practice that is so

common and well-settled as to constitute a custom that fairly represents municipal policy.  *See*

*James v. Harris Cnty.*, 577 F.3d 612, 617 (5th Cir. 2009).  Here, Plaintiff fails to allege any facts

suggesting the existence of any official policy or custom on the part of the city of Port Lavaca,

much less that such policy or custom was promulgated by the municipal policymaker or that

such policy was the moving force behind any act taken by Avila.  Because Plaintiff fails to allege

facts supporting a *Monell* claim, his official-capacity suit against Avila should be dismissed with

prejudice under Rule 12(b)(6).[8]

### 4.  Plaintiff's § 1983 claim against Donald Bacon should be dismissed under Rule 12(b)(6).

The district court should dismiss Plaintiff's § 1983 claim against Donald Bacon for

failure to state a claim upon which relief may be granted.  Donald Bacon is not a state actor, did

not act under color of state law, and cannot be held liable to Plaintiff under § 1983.

To state a cause of action under § 1983, a plaintiff must allege that the person who

deprived him of a federal right was acting under color of law.  *Priester v. Lowndes Cnty.*, 354

F.3d 414, 420 (5th Cir. 2004).  Here, Plaintiff does not allege that Donald Bacon is an employee

of the state of Texas or any of its subdivisions.  There is no evidence or allegation that Donald

Bacon is an employee of Calhoun County, the Calhoun County Appraisal District, or the city of

Port Lavaca.

---

[8]  Because Plaintiff's claim against Avila should be dismissed on limitations grounds and because Plaintiff fails to
plausibly allege a *Monell* claim, it is unnecessary to determine whether the Avila claim should also be dismissed as
*Heck*-barred.

Private citizens can be held liable under § 1983, but only if they are willful participants in joint activity with the State or its agents. *Id*. (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994)). Consequently, in the absence of any allegation that he is somehow employed by the state, Donald Bacon is not a state actor and cannot be sued under § 1983, *see Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir. 1996), but he can be held liable if he conspired with state officials. *Bauer*, 2023 WL 1808365, at *3. To successfully allege such a conspiracy, a plaintiff "must allege facts that suggest: (1) an agreement between the private and public defendants to commit an illegal act and (2) an actual deprivation of constitutional rights." *Smith v. Grodner*, Civ. No. 19-441-JWD-SDJ, 2020 WL 3067270, at *2 (M.D. La. May 19, 2020) (citing *Cinel*, 15 F.3d at 1343). More than mere conclusory statements are required: allegations of conspiracy that lack reference to specific facts will not suffice. *See Priester*, 354 F.3d at 420 (citing *Brinkmann v. Johnston*, 793 F.2d 111, 113 (5th Cir. 1986)). To the extent Plaintiff's pleadings could be liberally construed as encompassing a claim that Donald Bacon was a state actor with regard to defendant Bowman's failure or refusal to change the county tax records, any such claim fails. Plaintiff does not allege that Donald Bacon ever communicated with Bowman at all, much less allege any facts indicating that Donald Bacon and Bowman conspired or agreed with one another to violate any of Plaintiff's rights. Because Plaintiff fails to plausibly allege any conspiracy between Donald Bacon and Bowman, or any non-conclusory facts suggesting any such conspiracy, Plaintiff's claim against Donald Bacon should be dismissed.

Any § 1983 claim against Donald Bacon regarding Plaintiff's arrest by Avila fares no better. "The fact that a defendant may have provided information to the police does not make him or her a state actor for purposes of § 1983 liability." *Kahoe v. Williams*, Civ. No. 22-3150, 2023 WL 5498908, at *4 & n.55 (E.D. La. Aug. 25, 2023) (citing *Daniel v. Ferguson*, 839 F.2d

1124, 1130 (5th Cir. 1988) (private citizen who provides information to police is not a state

actor)).  Additionally, a private party "does not act under color of state law when she merely

elicits but does not join in an exercise of official state authority." *Daniel*, 839 F.2d at 1130.  In

the context of an allegedly false arrest, a plaintiff must further "show that the police in effecting

the arrest acted in accordance with a preconceived plan to arrest a person merely because he was

designated for arrest by the private party, without independent investigation." *Moody v. Farrell*,

868 F.3d 348, 353 (5th Cir. 2017) (quoting *Sims v. Jefferson Downs Racing Ass'n*, 778 F.2d

1068, 1079 (5th Cir. 1985) (internal citation and quote omitted)).

  Here, with regard to his arrest at the hands of Avila, Plaintiff alleges that Donald Bacon

made "false allegations to the Port Lavaca Police Department stating that I Byron Larue

Simmons Barefield was on his way to do harm to him Donald Paul Bacon because he wanted me

off my fathers estate and with the assistance of Port Lavaca Police Department and Officer

(Avila) Badge #5517."  (Doc. No. 1, p. 4 (quoted verbatim).)  Plaintiff does not allege that

Donald Bacon took part in the arrest.  Nor does he allege any non-conclusory facts suggesting

the existence of any preconceived plan to arrest Plaintiff merely on Donald Bacon's say-so,

without any independent investigation.  Plaintiff therefore fails to plausibly allege non-

conclusory facts indicating that Donald Bacon is a state actor, and his § 1983 claim against

Donald Bacon should be dismissed.

  Because Plaintiff fails to plausibly allege the existence of any conspiracy or the

deprivation of any federal or constitutional right, he fails to sufficiently allege jurisdictional

elements that would allow the Court to consider his claim against Donald Bacon, a private

citizen.  Accordingly, Plaintiff's claim against Donald Bacon should be dismissed with prejudice

under Rule 12(b)(6) for failure to state a claim upon which relief may be granted.  *See Priester*,

15 / 27

354 F.3d at 420 (affirming Rule 12(b)(6) dismissal of § 1983 claim against private citizen where plaintiff failed to plausibly allege a conspiracy).

The undersigned recognizes that while Donald Bacon has moved for dismissal of Plaintiff's § 1983 claim, he has not sought dismissal on these grounds.  As discussed above, the Court possesses the inherent authority to dismiss a party, or claims, *sua sponte*.  *McCullough*, 835 F.2d at 1127 (citing *Link*, 370 U.S. at 630-31).  A district court "may dismiss a claim on its own motion as long as the procedure employed is fair."  *Carver*, 18 F.4th at 498 (citing *Davoodi*, 755 F.3d at 310).  Fairness in this context requires both notice of the court's intention and an opportunity to respond before a *sua sponte* dismissal with prejudice.  *Id*.  Because the undersigned is raising this issue in this memorandum and recommendation, Plaintiff will have an opportunity to respond during the 14-day objection period prior to a final ruling by the district court.  This procedure is fair and will avoid any due process concerns.  *See Galbraith-Robair*, 2021 WL 415194, at *1.

### 5.  Plaintiff's § 1983 claim against Bowman should be dismissed under Rule 12(b)(6).

Bowman seeks dismissal of Plaintiff's § 1983 claim on several grounds.  First, she contends that subject matter jurisdiction is lacking because 28 U.S.C. § 1341 prohibits this Court from considering Plaintiff's case.  (Doc. No. 17, pp. 4-6.)  Bowman also argues that Plaintiff fails to allege sufficient facts to support liability, that Plaintiff failed to exhaust required administrative remedies, and that Plaintiff failed to serve her properly.  *Id*. at 7-11.  As discussed below, dismissal is appropriate under Rule 12(b)(6).

### a. The Tax Injunction Act does not divest this Court of subject matter jurisdiction.

Bowman's first argument for dismissal challenges this Court's subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  When confronted with motions under both Rule 12(b)(1) and Rule 12(b)(6), a reviewing court is to address the jurisdictional question first, before addressing any attack on the merits.  *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) ("When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional motion before addressing any attack on the merits.").  The undersigned therefore considers Bowman's jurisdictional argument before any other.

Bowman argues that 28 U.S.C. § 1341 prohibits this Court from considering Plaintiff's claim against her.  She contends that Plaintiff's § 1983 claim "undeniably relate[s] to administration of the Texas property tax system, particularly regarding the assessment of taxes by the [Calhoun County Appraisal] District."  (Doc. No. 17, p. 5.)  Bowman asserts that the appraisal district's duties regarding the determination of ownership of a property "are directly tied to the assessment of taxes and the administration of the Texas property tax system."  *Id*.  She further argues that Texas state courts provide abundant remedies for persons seeking to raise tax-related matters.  *Id*. at 6.  Consequently, Bowman concludes, this Court may not assert subject matter jurisdiction.  *Id*.  The undersigned concludes, however, that § 1341 does not prohibit this Court from exercising subject matter jurisdiction.

Section 1341, also known as the Tax Injunction Act, provides that district courts "shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."  28 U.S.C. §

1341.  The statute precludes both injunctive and declaratory relief, and it "serves as a 'broad jurisdictional impediment to federal court interference with the administration of state tax systems.'"  *Harward v. City of Austin*, 84 F.4th 319, 322 (5th Cir. 2023) (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (cleaned up)). Additionally, basing a complaint upon an alleged violation of civil rights under § 1983 will not avoid the prohibition contained in § 1341.  *See Clark v. Andrews Cnty. Appraisal Dist.*, 251 F. App'x 267, 268 (5th Cir. 2007) (citing *Hichmann v. Wujick*, 488 F.2d 875, 876 (2d Cir. 1973)).

Section 1341 has its limits, though: to fall within the act's limitation of jurisdiction, the requested relief must "to some degree stop the assessment, levy, or collection of state taxes." *Harward*, 84 F.4th at 323 (quoting *Direct Mktg. Ass'n v. Brohl*, 575 U.S. 1, 14 (2015) (cleaned up)).  If the requested relief would merely inhibit tax assessment or collection, or if the relief only indirectly affects assessment, levy, or collection, then § 1341 does not apply.  *Id.* (citing *Direct Mktg.*, 575 U.S. at 14, and *CIC Servs., LLC v. IRS*, 593 U.S. __, 141 S. Ct. 1582, 1589-90 (2021)).  Here, the Court concludes that section 1341 does not apply to Plaintiff's lawsuit.

In this case, Plaintiff asks the Court to order Bowman to "remove the names of Donald Paul Bacon and Danielle M. Bacon as owners" of the Property and "return to Jim Isacc Simmons Jr. estate not unknown heirs of Jim Isacc Simmons Jr., the legal and rightful owner."  (Doc. No. 1, p. 5 (quotes verbatim).)  While Plaintiff's requested relief relates to the listing of ownership of the Property, which is a particular piece of real property on the Calhoun County tax records, Plaintiff does not seek to stop the assessment, levy, or collection of any property or other tax for the Property.  Likewise, he does not challenge the existence or amount of any property tax due on the Property.  Plaintiff asks only that the record be changed to reflect what he claims is the correct ownership of the Property.  Because Plaintiff's suit does not seek to stop the levy,

assessment, or collection of property tax on the Property, § 1341 does not apply to divest this Court of subject matter jurisdiction.

Bowman resists this conclusion, arguing that Plaintiff's requested relief does indeed fall within § 1341's prohibition.  She contends that the chief appraiser in Calhoun County is responsible for preparing appraisal records listing all taxable property in the district, including the name and address of property owners.  (Doc. No. 17, p. 5 (citing Tex. Prop. Tax Code §§ 25.01(a), 25.02(a)(1).)  That information, she says, comprises the "appraisal roll" of the district, which in turn constitutes the tax roll once the amount of tax imposed for each property is calculated.  *Id*. (citing Tex. Prop. Tax Code § 26.09(c).)  Citing section 26.15(a) of the Texas Property Tax Code, Bowman insists that Texas law prohibits the tax roll from being changed after it is completed.  *Id*. (citing Tex. Prop. Tax Code § 26.15(a) ("Except as provided by Chapters 41 and 42 of this code and in this section, the tax roll for a taxing unit may not be changed after it is completed.").)  Although she does not specifically state as much, Bowman appears to believe that any federal court-directed change to the tax roll would constitute just the type of interference that 28 U.S.C. § 1341 prohibits.

But Bowman overlooks the Texas statutory provision that specifically provides for correction of the appraisal roll "at any time to correct a name or address, [or] a determination of ownership" if that correction does not increase the amount of tax liability.  Tex. Prop. Tax Code § 25.25(a).  In turn, when such appraisal roll changes are made, § 26.15 directs a corresponding change to the tax roll.  *See* Tex. Prop. Tax Code § 26.14(b) ("The assessor for a unit shall enter on the tax roll the changes made in the appraisal roll as provided by section 25.25 of this code.").  Changes to a property's ownership, then, do not prevent (or even inhibit) the assessment, levy, or calculation of property tax in Texas.  *Accord Willacy Cnty. Appraisal Dist. v. Sebastian Cotton*

& *Grain*, *Ltd.*, 555 S.W.3d 29, 33-34, 45 (Tex. 2018) (changes to correct ownership may be

made under § 25.25 if the amount of the tax liability remains unchanged).  Accordingly, § 1341

does not prohibit a federal lawsuit seeking only the correction of the Property's ownership as

reflected by the Calhoun County Appraisal District.  This Court therefore possesses subject

matter jurisdiction.

> ### b. *Plaintiff fails to plausibly allege any* Monell *claim.*

Having determined that the Court possesses subject matter jurisdiction, the undersigned

next concludes that dismissal of Plaintiff's claim against Bowman is appropriate.

As with Avila, Plaintiff sues Bowman in her official capacity, and such a suit is deemed

to be lodged against Bowman's employer.  *See Jordan*, 687 F. App'x at 415.  In this case,

Plaintiff's suit is deemed to be filed against the Calhoun County Appraisal District, which is a

political subdivision of the state of Texas in its own right.  *See* Tex. Prop. Tax. Code § 6.01(c).

But Plaintiff fails to plausibly allege liability on the part of the Calhoun County Appraisal

District.

As discussed above, a subdivision of the state cannot be held vicariously liable for the

acts of its employees, but it can be held liable for constitutional violations resulting from its own

official policies and customs.  *See Monell*, 436 U.S. at 690-91.  To state a *Monell* claim, a

plaintiff must allege an official policy, promulgated by the political subdivision's policymaker,

that was the moving force behind the violation of a constitutional right.  *See Pena*, 879 F.3d at

621.  Official policies may exist in the form of written policy statements or regulations but may

also arise in the form of a widespread practice that is so common and well-settled as to constitute

a custom that fairly represents the political subdivision's policy.  *See James*, 577 F.3d at 617.

Here, Plaintiff fails to allege any facts suggesting the existence of any official policy or custom on the part of the Calhoun County Appraisal District, much less that such policy or custom was promulgated by the appraisal district's policymaker or that such policy was the moving force behind any act or omission by Bowman.  He likewise fails to plausibly allege any widespread practice that could form the basis for finding a custom or practice on the part of the Calhoun County Appraisal District: he must plausibly allege, in more than conclusory terms, constitutional violations that occurred in cases other than his own.  *See Pena*, 879 F.3d at 622.  Because Plaintiff fails to allege facts supporting a *Monell* claim, his official-capacity § 1983 lawsuit against Bowman should be dismissed with prejudice under Rule 12(b)(6).[9]

### c. Plaintiff fails to plausibly allege a Fifth Amendment taking.

Although Plaintiff brought this lawsuit as a civil rights claim under § 1983, he also alleges (liberally construed) that Bowman violated the Fifth and Fourteenth Amendments by changing the appraisal district's reflection of ownership of the Property.  *See* Doc. No. 1, pp. 3-4; Doc. No. 9, p. 5.

A Fifth Amendment taking claim may not need to conform to the pleading requirements applicable to § 1983 cases, such as alleging an official policy under *Monell*.  *See Baker v. City of McKinney, Tex.*, 601 F. Supp. 3d 124, 145 (E.D. Tex. 2022) ("[B]ecause the Fifth Amendment is self-executing, Baker's claim under the Fifth Amendment Takings Clause is not dependent upon

---

[9]  The undersigned recognizes that while Bowman has moved for dismissal of Plaintiff's § 1983 claim, she has not sought dismissal on these grounds.  As discussed above, the Court possesses the inherent authority to dismiss a party, or claims, *sua sponte*.  *McCullough*, 835 F.2d at 1127 (citing *Link*, 370 U.S. at 630-31).  A district court "may dismiss a claim on its own motion as long as the procedure employed is fair."  *Carver*, 18 F.4th at 498 (citing *Davoodi*, 755 F.3d at 310).  Fairness in this context requires both notice of the court's intention and an opportunity to respond before a *sua sponte* dismissal with prejudice.  *Id.*  Because the undersigned is raising this issue in this memorandum and recommendation, Plaintiff will have an opportunity to respond during the 14-day objection period prior to a final ruling by the district court.  This procedure is fair and will avoid any due process concerns.  *See Galbraith-Robair*, 2021 WL 415194, at *1.

the § 1983 vessel."), *reversed on other grounds*, 84 F.4th 378 (5th Cir. 2023).  In this case,

however, Plaintiff's claim is subject to dismissal in any event because he fails to plausibly allege

a Fifth Amendment taking: he fails to allege that he was deprived of any property interest.

Plaintiff's claim is that Bowman wrongly changed the appraisal district's record of

ownership of the Property.  But as the Texas Supreme Court has stated, an appraisal district's

record does not establish ownership – it merely reflects ownership.  *Willacy Cnty. Appraisal

Dist.*, 555 S.W.3d at 44; *see also Luminant Mining Co. LLC v. PakeyBey*, No. 6:19-CV-00372,

2020 WL 6482461, at *10 (E.D. Tex. July 6, 2020) (county appraisal records are a repository of

tax appraisal records, not deed records), *adopted*, 2020 WL 5087895 (E.D. Tex. Aug. 28, 2020),

*aff'd*, 14 F.4th 375 (5th Cir. 2021).  While an appraisal district's record may be evidence

supporting ownership, it is the official deed record in Calhoun County that constitutes the official

real property record regarding the Property's ownership.  *See Luminant*, 2020 WL 6482461, at

*11 (citing *Noble Mortg. & Investments, LLC v. D&M Vision Investments, LLC*, 340 S.W.3d 65,

80 (Tex. App. – Houston [1st Dist.] 2011, no pet.); Tex. Loc. Gov. Code § 191.001; Tex. Prop.

Code § 11.007).

Here, Plaintiff does not allege that any defendant in this case has altered any deed record

that would deprive him of any property interest.  Plaintiff fails to plausibly allege, then, that a

purported owner's listing on an appraisal district's record constitutes a protectable property

interest, or that an appraisal district deprives a purported owner of any property interest if it

deletes that purported owner's name from its appraisal record.[10]  Plaintiff therefore fails to

---

[10]  Recall that Plaintiff is not contending that he is subject to property tax liability because he (or the estate of Jim Simmons, Jr.) has been included as an owner of the Property.  Rather, he complains about his *omission* from the record.  Any takings theory therefore cannot be based on a wrongful exposure to liability for property tax on the Property.

plausibly claim that he was deprived of any property interest in violation of the Fifth and Fourteenth Amendments when Bowman allegedly changed the appraisal district's record of the Property's ownership.[11]  Plaintiff's Fifth and Fourteenth Amendment takings claim should therefore be dismissed.[12]

### d.  Other asserted grounds for dismissal.

Although Plaintiff's claim against Bowman should be dismissed for the reasons stated above, Bowman raises additional grounds for dismissal which are not persuasive or need not be addressed here.

### 1.  Plaintiff's claim is not required to be dismissed for failure to exhaust administrative remedies.

Bowman contends that Plaintiff failed to exhaust administrative remedies before filing this suit.  She contends that Texas law requires Plaintiff to pursue an appraisal review board proceeding to correct the ownership on the appraisal district's records.  (Doc. No. 17, pp. 10-11.) Bowman's argument lacks merit.  Plaintiff's action is one for violation of civil rights under § 1983.  "When federal claims are premised on 42 U.S.C. § 1983 … we have not required

---

[11]  The undersigned assumes without deciding that Plaintiff is actually a beneficiary of the estate of Jim Simmons, Jr., such that he could have any protectable property interest at all.  Through submitted documents, Plaintiff alleges that he is such a beneficiary.  *See* Doc. No. 23, pp. 2-5.  Jim Simmons, Jr. apparently died intestate.  *See id*. at 3; *see Slack v. City of San Antonio, Tex.*, No. SA-18-CV-01117, 2021 WL 3007179, at *5 (W.D. Tex. July 15, 2021) (discussing heir at law's capacity to sue).  It is unnecessary to examine the question further here because Plaintiff fails to plausibly allege that he was deprived of any property interest by virtue of Bowman's alleged actions.

[12]  The undersigned recognizes that while Bowman has moved for dismissal of Plaintiff's § 1983 claim, she has not sought dismissal on these grounds.  As discussed above, the Court possesses the inherent authority to dismiss a party, or claims, *sua sponte*.  *McCullough*, 835 F.2d at 1127 (citing *Link*, 370 U.S. at 630-31).  A district court "may dismiss a claim on its own motion as long as the procedure employed is fair."  *Carver*, 18 F.4th at 498 (citing *Davoodi*, 755 F.3d at 310).  Fairness in this context requires both notice of the court's intention and an opportunity to respond before a *sua sponte* dismissal with prejudice.  *Id*.  Because the undersigned is raising this issue in this memorandum and recommendation, Plaintiff will have an opportunity to respond during the 14-day objection period prior to a final ruling by the district court.  This procedure is fair and will avoid any due process concerns.  *See Galbraith-Robair*, 2021 WL 415194, at *1.

exhaustion of state judicial or administrative remedies." *Steffel v. Thompson*, 415 U.S. 452, 472-73 (1974); *see also Griggs v. Chickasaw Cnty., Miss.*, 930 F.3d 696, 703 (5th Cir. 2019). Likewise, exhaustion is not required prior to a federal suit alleging a taking in violation of the Fifth and Fourteenth Amendments. *See Knick v. Twp. of Scott*, 139 S. Ct. 2162, 2163 (2019) (property owner may bring a Fifth Amendment takings claim in federal court without first exhausting state remedies).

### 2. *Plaintiff's claim is not required to be dismissed for failure to comply with heightened pleading requirements.*

Bowman argues that Plaintiff's claim must be dismissed under Rule 12(b)(6) because his pleading fails to satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). (Doc. No. 17, pp. 8-9.) That rule requires that a party alleging fraud must "state with particularity the circumstances constituting fraud …." But although Plaintiff does assert that Bowman "fraudulently" changed the ownership of the property, his lawsuit is a § 1983 action against Bowman in her official capacity. The Supreme Court has held that Rule 9(b)'s heightened pleading requirement does not apply to actions under § 1983 against public officers in their official capacity. *See Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993).

### 3. *Faulty service of process.*

Bowman argues that dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(5) because Plaintiff allegedly failed to serve her properly. (Doc. No. 17, p. 7.) In the absence of proper service of process, a court cannot exercise personal jurisdiction over a party named as a defendant. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). Federal Rule of Civil Procedure 12(b)(5) provides for dismissal of a civil case based on

24 / 27

"insufficient service of process."  Once the validity of service of process has been contested, the plaintiff bears the burden of establishing its validity.  *Brown v. Quian*, Civ. No. 4:20-0862, 2023 WL 1765913, at *2 (S.D. Tex. Feb. 3, 2023) (Hanks, J.) (citing *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1996)).  A plaintiff "cannot receive a free pass on the requirements for service of process simply because he is litigating this case *pro se*." *Calhoun v. City of Houston Police Dept.*, 855 F. App'x 917, 921 (5th Cir. 2021).  In this case, while Bowman's argument regarding service of process may well be correct, *see* Fed. R. Civ. P. 4(e)(2), 4(j)(2); Tex. R. Civ. P. 103, 106(a), it is unnecessary to examine the matter further here because dismissal is appropriate for the other reasons stated above.

### E.  Leave to amend: futile?

Plaintiff's claims are subject to dismissal under Rule 12(b)(6) because he has not stated any viable § 1983 or constitutional claims against any of the defendants.  A Rule 12(b)(6) dismissal would be with prejudice.  *Cf. Goins v. City of Houston*, No. 4:20-CV-1553, 2021 WL 2785344 at **3, 9 (S.D. Tex. June 8, 2021) (Stacy, M.J.), *adopted*, 2021 WL 2779312 (S.D. Tex. July 2, 2021).

Plaintiff is proceeding *pro se*, and ordinarily "a pro se litigant should be offered an opportunity to amend his complaint before it is dismissed."  *Wiggins v. La. State Univ.–Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2016); *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009).  But leave to amend is not required where amendment would be futile – that is, where an amended complaint would still fail to survive a Rule 12(b)(6) motion.  *See Stem v. Gomez*, 813 F.3d 205, 215-16 (5th Cir. 2016).

Here, the undersigned recommends denial of leave to amend with regard to Plaintiff's claim against Avila: amendment would be futile because the limitations period for Plaintiff's

claim against Avila has expired.  With regard to the other defendants, however, the undersigned recommends that Plaintiff be given an opportunity to amend his complaint.

### F. Conclusion and recommendation.

The undersigned recommends that the district court take the following actions:

- GRANT defendant Avila's motion to dismiss (Doc. No. 10);

- GRANT defendant Bowman's motion to dismiss (Doc. No. 17);

- GRANT defendant Donald Bacon's motion to dismiss (Doc. No. 20);

- DENY leave to amend with respect to defendant Avila;

- GRANT leave to amend with respect to the other defendants, with a deadline of 21 days after the district court's ruling; and

- DENY as moot Plaintiff's motion for discovery (Doc. No. 21) without prejudice to refiling that motion should Plaintiff amend his complaint.

### G. Notice.

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within 14 days after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), and General Order No. 2002-13, United States District Court for the Southern District of Texas. A failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-

to proposed factual findings and legal conclusions accepted by the district court.  *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

      SIGNED on November 9, 2023.

MITCHEL NEUROCK
United States Magistrate Judge