United States District Court
Southern District of Texas
**ENTERED**
January 02, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| BRYON LARUE SIMMONS BAREFIELD, § § § | |
| Plaintiff, § § | |
| VS. § | CIVIL ACTION NO. 6:23-CV-00040 |
| § § | |
| AUDREY BOWMAN, *et al.*, § § § | |
| Defendants. § | |

### ORDER ADOPTING MEMORANDUM AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court are three motions to dismiss filed by Defendants Jaramillo Avila, Audrey Bowman, and Donald Bacon. (D.E. 10, 17, 20). On November 9, 2023, United States Magistrate Judge Mitchel Neurock issued a Memorandum and Recommendation (M&R, D.E. 24), recommending that Defendants' motions be granted and that Plaintiff's action be dismissed.

The parties were provided proper notice and an opportunity to object to the M&R. The only document filed within that time is Plaintiff's "Opposition to Motion[s] to Dismiss" (D.E. 25). To the extent Plaintiff seeks to file a response to the motions to correct his earlier default, his effort comes too late. *See* Southern District of Texas Local Rule 7 (requiring responses to be filed within 21 days of the date the motion is filed and treating the failure to file a response as a representation of no opposition to the relief sought).

1 / 4

Therefore, the Court construes Plaintiff's "opposition" as objections to the Magistrate Judge's M&R. An objection must point out with particularity the alleged error in the Magistrate Judge's analysis. Otherwise, it does not constitute a proper objection and will not be considered. Fed. R. Civ. P. 72(b)(2); *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003); *Edmond v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993) (finding that right to de novo review is not invoked when a petitioner merely re-urges arguments contained in the original petition).

Plaintiff first recites the standard to be applied in evaluating the sufficiency of the complaint under Federal Rule of Civil Procedure 12(b)(6). He does not assert any error in the Magistrate Judge's application of the Rule 12(b)(6) standard and the Court does not identify one. Any objection based on the Rule 12(b)(6) standard is **OVERRULED**.

Plaintiff then recites Texas Penal Code provisions for the crimes of harassment, official oppression, and false report to a police officer. He does not include any analysis. He does not state how these state crimes should be considered with respect to his civil rights action predicated on a violation of his federal rights. And he does not identify any error in the M&R. The provisions do not state a viable objection. Thus any objection in this regard is **OVERRULED**.

Plaintiff also recites the provision from the Texas Estates Code for intestate succession. He appears to suggest that the decedent's spouse, as holding only a life estate, cannot sell real property without the agreement of the decedent's surviving children. In the context of the fact allegations of his pleading, it appears that Plaintiff is stating a

property claim. However, this does not state a claim within the scope of the Civil Rights Act, under which he has sued. He also does not state any basis for this Court to exercise federal jurisdiction over a state property claim. Any objection is **OVERRULED**.

Last, Plaintiff recites the general rule of exhaustion of administrative remedies. The statement includes no analysis. And the Court notes that the Magistrate Judge did not recommend dismissal of this case on the basis of a failure to exhaust remedies. Consequently, the objection is **OVERRULED** as moot and for failure to specify any error in the M&R.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiff's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge.

Accordingly, the Court:

- **GRANTS** Defendant Avila's motion to dismiss because Plaintiff's claim is barred by limitations (Doc. No. 10);

- **GRANTS** Defendant Bowman's motion to dismiss on the grounds stated in the Memorandum and Recommendation (Doc. No. 17);

- **GRANTS** Defendant Donald Bacon's motion to dismiss on the grounds stated in the Memorandum and Recommendation (Doc. No. 20);

- **DISMISSES** sua sponte Plaintiff's claims against Danielle Bacon for failure to state a claim upon which relief may be granted;

- **DENIES** leave to amend with respect to Defendant Avila;

- **GRANTS** leave to amend with respect to the other Defendants, with a deadline of 21 days after this ruling; and

- **DENIES** as moot Plaintiff's motion for discovery (D.E. 21) without prejudice to refiling that motion should Plaintiff amend his complaint.

**ORDERED** on January 2, 2024.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE